IN THE UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| THE GOLF CLUB OF KANSAS, LLC, | ) Case No. 13-21032 |
| | ) |
| Debtor. | ) |

<u>MOTION FOR USE OF CASH COLLATERAL</u>

COMES NOW the Debtor The Golf Club of Kansas, LLC ("Debtor"), by and through its attorneys, and moves the Court for authority to use cash collateral, and in support thereof states as follows:

1. Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on April 26, 2013.

2. No trustee has been appointed, and Debtor has remained in possession of the property of its estate as a Debtor-In-Possession. The Debtor owns and operates a golf club known as The Golf Club of Kansas at 18145 West 87 Street Parkway, Lenexa, Kansas 66219.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Debtor files this Motion and requests relief herein pursuant to 11 U.S.C. §363(c)(2).

4. CoreFirst Bank & Trust("CoreFirst", located at 3035 S. Topeka Boulevard, Topeka, Kanas 66611 asserts a perfected first security interest in the Debtor's real estate, and all personal property, including cash, cash equivalents, and accounts generated by Debtor's business ("Cash Collateral").

5. CoreFirst has two outstanding loan: Loan #0555, dated 1/15/2009 in the original amount of $6,500,000 and an unpaid balance as of 11/30/2012 of $6,309,545.51; and Loan #0554, dated 1/15/2009 in

the original amount of $250,000 and an unpaid balance as of 11/30/2012 of $247,737.40.

6.  Debtor seeks (i) an interim Order of the Court authorizing it to use Cash Collateral for payment of the normal and necessary expenses of its business, pending a hearing, if necessary, if an objection to the Motion is filed, and (ii) a further Order of the Court authorizing Debtor's continued use of Cash Collateral through July 31, 2013, or until the Plan of Reorganization is confirmed, whichever is later, and reserving to Debtor the right to seek a further extension of such Order.

7.  The Debtor has been operating its golf course business.  It has in excess of $90,000 in its bank accounts.  It is acquiring members for its golf club.  The golf season is just beginning and the busy season should run well into the fall months.  Use of the Cash Collateral is essential to the continued business operations and the reorganization of Debtor.  Absent authorization to use the Cash Collateral, Debtor will suffer irreparable harm and will be forced to cease its business operations, to the detriment of CoreFirst and all other creditors.

8.  Attached hereto as Exhibit A is Debtor's estimated monthly budget of income and expenditures which should be a good reflection of the Debtor's activity for the months of May, June, July and August, 2013. The budget confirms that, with the cash on hand and the anticipated operation of the golf club, the Debtor will be able to cash flow its business operation through the period requested.

The Debtor proposes to pay CoreFirst the sum of $15,000 each month, which sum constitutes adequate protection payments.

9.  Debtor shall make monthly reports to the U. S. Trustee of

receipts and expenditures of the Cash Collateral and CoreFirst shall receive a copy of said report.

10. CoreFirst shall be granted replacement liens, as its interests appear, on all of the proceeds and replacements of the Cash Collateral.

12. Debtor gave the undersigned a retainer of $15,000 plus the filing fee. The Debtor seeks a "carve out" provision to protect the law firm's attorneys' fees that have or will be paid.

WHEREFORE, Debtor prays for an interim Order of the Court authorizing it to use its cash collateral for payment of the normal and necessary expenses of its business and authority to pay future bills according to the attached budget, pending an evidentiary hearing if necessary; for a further Order of the Court authorizing Debtor's continued use of Cash Collateral through July 31, 2013, and reserving to Debtor the right to seek a further extension of such Order; that in the event of an objection to said Motion, to set an immediate hearing on the within Motion; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

KRIGEL & KRIGEL, P.C.

/s/ Erlene W. Krigel
Erlene W. Krigel No. 70425
4550 Belleview
Kansas City, Missouri 64111
Telephone: (816) 756-5800
Facsimile: (816) 756-1999
ATTORNEYS FOR DEBTOR

CERTIFICATE OF SERVICE

     I hereby certify that on April 26, 2013, a copy of the foregoing was mailed, either electronically or by U. S. Postal Service, postage prepaid, to all persons requesting notice through the Court's ECF noticing system and to CoreFirst Bank & Trust, c/o R. Patrick Riordan, Esq., 3500 SW Fairlawn Road, Suite 210, Topeka, KS 66614.

                                          /s/ Erlene W. Krigel
                                          Erlene W. Krigel